THE HON. JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> TERRANCE L. COSGROVE, <br><br> Defendant. | CASE NO. CR15-0230-JCC <br><br> ORDER OF FORFEITURE |

This matter comes before the Court on the United States' motion for entry of an order of forfeiture (Dkt. No. 33) seeking to forfeit, to the United States, Defendant Terrance Cosgrove's interest in the following property:

- A forfeiture money judgment in the amount of $3,936,977.00.

The Court, having reviewed the motion and the relevant record, hereby GRANTS the motion (Dkt. No. 33) and FINDS entry of an order of forfeiture appropriate because:

- The above-listed money judgment is forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as it represents proceeds Defendant obtained from his commission of mail fraud in violation of 18 U.S.C. § 1341, and wire fraud in violation of 18 U.S.C. § 1343;

Order of Forfeiture - 1
*U.S. v. Cosgrove*, CR15-0230-JCC

- Pursuant to the plea agreement Defendant entered on December 7, 2016, he has agreed to forfeit this money judgment pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) (Dkt. No. 26 at ¶ 8); and
- Fed. R. Crim. P. 32.2(c)(1) provides "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

Therefore, the Court ORDERS:

1) Pursuant to Defendant's plea agreement, 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), Defendant's interest in the above-identified money judgment is fully and finally forfeited, in its entirety, to the United States;

2) No right, title, or interest in the money judgment exists in any party other than the United States;

3) Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)-(B), this order will become final as to Defendant at the time he is sentenced, it will be made part of the sentence, and it will be included in the judgment;

4) To satisfy the money judgment in whole or in part, the United States may move to amend this order at any time, pursuant to Fed. R. Crim. P. 32.2(e), to substitute property having a value not to exceed $3,936,977.00; and

5) The Court shall retain jurisdiction for the purpose of enforcing this order and amending it, as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

DATED this 25th day of April, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE